UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FLORENCE CAESAR, | : CIVIL NO: 1:10-CV-00202 |
| Plaintiff | : (Judge Conner) |
| v. | : (Magistrate Judge Smyser) |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *Et al.*, | : |
| Defendants | : |

**REPORT AND RECOMMENDATION**

I. Background and Procedural History.

The plaintiff, Florence Caesar, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on January 26, 2010.  On October 20, 2010, she filed an amended complaint.

All of Caesar's claims in the amended complaint have been dismissed, except for an Eighth Amendment claim against defendant Brian Shiptoski.  Order of January 6, 2011 (doc. 42).

Caesar alleges, in stating her Eighth Amendment claim against Shiptoski, that on April 29, 2007, she was admitted to the psychiatric observation cell by Shiptoski, who put her on Thorazine, Prozac and Respiridol.  Shiptoski had no authority to commit the plaintiff to the psychiatric observation cell or

to prescribe medication for her without a doctor's approval, which he did not have.  The medications made her unable to stand or to function.

She was discharged from the psychiatric observation cell on May 2, 2007, but she was put back in the psychiatric observation cell on the same day because she was confused and dizzy from being overmedicated.  Because the medications made her forgetful and confused, she decided not to take any more.

Defendant Shiptoski repeatedly told her that if she did not take her medications she would not get out of the psychiatric observation cell.  But she refused to take any medication unless it were to be prescribed by Dr. Wood.  She told Shiptoski that Dr. Wood had taken her off all medications in January of 2007 with the exception of .25 mgs of Respiridol.  Shiptoski said to her that he was her doctor now.  On May 17, 2007, she was released from the psychiatric observation cell and was returned to her unit.

She claims that Shiptoski deliberately overmedicated her and that she was put in the psychiatric observation cell to create a record indicating that she was mentally ill.  She

filed numerous grievances. She wrote to every person she believed could help her to discover why she had been placed in the psychiatric observation cell.

Shiptoski has filed a motion to dismiss (doc. 52) Caesar's claim along with a brief in support (doc. 53). Caesar filed a brief in opposition to the defendant's motion (doc. 65). Shiptoski has not filed a reply brief.

II. Discussion.

Shiptoski moves to dismiss the remaining claim against him, arguing that Caesar's Eighth Amendment claim is time barred under the two-year statute of limitations.

Actions brought under 42 U.S.C. § 1983 for deliberate indifference to serious medical needs are governed by the personal injury statute of limitations of the state in which the cause of action accrued. *Wilson v. Garcia*, 471 U.S. 261 (1985). The Pennsylvania statute of limitations for personal injury actions is two years. 42 Pa.C.S. § 5524; *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003). A § 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based. *Sameric*

3

*Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d. Cir. 1998).

Shiptoski argues that Caesar's claims involve a discrete and closed period of time from April 29, 2007, when a prison officer approached Caesar asking if she was alright, until May 17, 2007, when she was ultimately released from the psychiatric observation cell.  Shiptoski concedes that Caesar reviewed her medical records on May 28, 2007.  Thus, Shiptoski contends, the statute of limitations began to run sometime in late May and that two and a half years elapsed between that date and January 26, 2010, the date upon which Caesar filed her lawsuit.

Shiptoski further contends that none of the grounds upon which the statute of limitations may be found to have been tolled under Pennsylvania law are applicable in this case.  He also argues that there is generally no basis upon which the statute of limitations may be equitably tolled to allow a prisoner to exhaust the grievance process.  He relies on *Austin v. Beard*, 351 F. App'x. 780 (3d Cir. 2009) (affirming lower court's dismissal of claims based on the prisoner's failure to

exhaust administrative remedies and refusal to stay the proceedings pending completion of the grievance process).

Shiptoski's reliance on *Austin* is misplaced. The pertinent issue in that case was whether the case should be stayed while the prisoner plaintiff would complete exhaustion. Although the prisoner plaintiff in that case used the term equitable tolling, what he was seeking was a stay of the case pending his exhaustion of administrative remedies.

In her brief in opposition to the motion, Caesar contends that she delayed filing suit because the Prison Litigation Reform Act requires exhaustion of all available administrative remedies prior to bringing suit. She argues that equitable tolling is appropriate because she timely filed grievances. She asserts that she finally exhausted the grievance process on March 19, 2008, and that after the grievance process was exhausted she timely filed her complaint. There is no documentation before the court of the steps that Caesar took in exhausting administrative remedies, nor is there an agreement of the parties about these steps.

In a recent unpublished opinion, the Third Circuit held that "[b]ecause exhaustion of prison administrative remedies is mandatory under the Prison Litigation Reform Act, the statute of limitations applicable to § 1983 actions may be tolled while a prisoner exhausts."  *Paluch v. Secretary Pennsylvania Dept. Corrections*, No. 10-1645, 2011 WL 3652418 at * 3 (3d Cir. filed Aug. 19, 2011) (citing *Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005); *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001)).

In this case, the parties dispute the date on which the cause of action accrued and the date on which the statute of limitations began to run.  The court is not presented with a basis to determine when Caesar's administrative grievances were initiated or finally exhausted.  In light of *Paluch* and because the precise date upon which the plaintiff had finally exhausted administrative remedies is not undisputed, Caesar's remaining claim should not be dismissed as time barred at this point in the proceedings.

III. Recommendation.

Based on the foregoing, it is recommended that the defendant's motion (doc. 52) to dismiss the plaintiff's

complaint be denied and that the case be remanded to the undersigned for further proceedings.

                                                                           /s/ J. Andrew Smyser
                                                                           J. Andrew Smyser
                                                                           Magistrate Judge

Dated: September 26, 2011.