UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FLORENCE CAESAR,                  : CIVIL NO: 1:10-CV-00202
            Plaintiff             :
                                  : (Judge Conner)
        v.                        :
                                  : (Magistrate Judge Smyser)
                                  :
PENNSYLVANIA DEPARTMENT OF        :
CORRECTIONS, *Et al.*,            :
                                  :
            Defendants            :

## REPORT AND RECOMMENDATION

        The plaintiff filed a motion for a preliminary
injunction complaining that prison officials are tampering with
her mail.  She also complains that her case has been tampered
with and sabotaged.  Because the motion raises issues
completely unrelated to the one remaining claim and the one
remaining defendant, it will be recommended that the
plaintiff's motion for a preliminary injunction be denied.
Also, because the discovery period has ended, the deadline for
filing dispositive motions has expired, and no dispositive
motions are pending, it will be recommended that the case be
scheduled for trial on the remaining claim.

<u>Background and Procedural History</u>.

The plaintiff, a prisoner proceeding *pro se*, commenced this action by filing a complaint.  She later filed an application for leave to  proceed in forma pauperis and an authorization form to have funds deducted from her prison account to pay the filing fee in this case.  We granted the plaintiff's application to proceed *in forma pauperis* and ordered that the plaintiff may file an amended complaint.  On October 20, 2010, the plaintiff filed an amended complaint.

The court dismissed all of the defendants and all of the claims in the amended complaint except the Eighth Amendment claim against defendant Shiptoski.  The plaintiff claims that defendant Shiptoski placed her in a psychiatric observation cell and deliberately overmedicated her.  She also complains about the conditions in the psychiatric observation cell.

The plaintiff has filed a motion for a preliminary injunction and a brief in support of that motion.

Discussion.

"A party seeking a preliminary injunction must satisfy the traditional four-factor test: (1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Miller v. Mitchell,* 598 F.3d 139, 147 (3d Cir. 2010).  Because the purpose of a preliminary injunction is to preserve the status quo and prevent irreparable injury until the court has had the opportunity to rule on the merits of the case, there must be "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994).

In her motion for a preliminary injunction, the plaintiff contends that prison officials have been tampering with her mail.  She also alleges that her case has been tampered with and sabotaged.

The plaintiff's motion does not address the remaining claim in this case against defendant Shiptoski, and the plaintiff has not shown that she has a likelihood of success on the merits of that claim.  Moreover, the plaintiff does not contend that defendant Shiptoski was involved with the alleged tampering with her mail or with this case.  For these reasons, the plaintiff is not entitled to a preliminary injunction.

Because the plaintiff's motion for a preliminary injunction touches on issues of the court's administration of this case, we will briefly address those issues.

The plaintiff contends that she has not received documents from the court.  As an example, she contends that she has not received document number 6.  Yet, she attaches a copy of document number 6 to her motion.  In any event, the court has on numerous occasions sent the plaintiff copies of documents that she has asserted that she has not received. *See e.g., Docs. 21, 47, 51, and 62 and docket notation regarding Doc. 73.*

The plaintiff asserts that her case has been sabotaged.[1]  She blames in part another inmate who had been assisting her with the case.  She asserts that documents have been filed in this case without her permission, and she refers to her application to proceed *in forma pauperis* and her amended complaint.  We note that, if the application to proceed *in forma pauperis* or the amended complaint had not been filed, the case would have been dismissed.  If the plaintiff does not wish to proceed with this case, she can so inform the court.

The plaintiff asserts that, on November 2, 2010, $92.98 was taken from her prison account and sent to the court toward the filing fee.  But, the plaintiff points out, there is no docket annotation indicating that the court received that payment.  She asserts that this case has been assigned numerous docket numbers and she speculates that payments that she has

---

1.  In a document (doc. 72) that she filed on November 1, 2011, the plaintiff again contends that her case has been sabotaged.  We will take no action on that document, but we note that the issues raised in that document parallel those raised in the plaintiff's motion for a preliminary injunction.  In addition to the issues discussed above, the plaintiff also contends that her criminal sentence is illegal.  As set forth above, the only remaining claim in this case is the Eighth Amendment claim against defendant Shiptoski.

made toward the filing fee in this case have possibly been
credited to other cases.

    As we have explained to the plaintiff before, this case
has been assigned only one docket number and there are not
multiple cases.  We asked the Clerk of Court to check the
Clerk's records regarding the payments that the court has
received toward the filing fee in this case.  The Clerk
responded that a payment of $92.98 was received on November 12,
2010 and that, with that payment, the filing fee for this case
was paid in full.  We asked the Clerk to annotate the docket to
indicate that the $92.98 payment was received.

    In accordance with the case management order (doc. 45),
the discovery period closed on September 1, 2011 and the
dispositive motions deadline was November 1, 2011.  There are
no dispositive motions pending.  It will be recommended that
the case be scheduled for trial on the remaining claim.

<u>Recommendations</u>.

Based on the foregoing, it is recommended that the plaintiff's motion (doc. 63) for a preliminary injunction be denied and that the case be scheduled for trial on the remaining Eighth Amendment claim against defendant Shiptoski.

***/s/ J. Andrew Smyser***
J. Andrew Smyser
Magistrate Judge

Dated:  November 8, 2011.