IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FLORENCE CAESAR**, | : | CIVIL ACTION NO. 1:10-CV-202 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **PENNSYLVANIA DEPARTMENT OF** | : | |
| **CORRECTIONS**, *et al.*, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 19th day of January, 2012, upon consideration of the Report and Recommendation of the Honorable J. Andrew Smyser (Doc. 74), recommending that plaintiff's motion for preliminary injunction (Doc. 63) be denied and that the case be scheduled for trial on the remaining Eighth Amendment claim, and, following an independent review of the record, it appearing that neither party has objected to the magistrate judge's report and recommendation, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that the Report of Magistrate Judge Smyser (Doc. 74) is ADOPTED in part and DENIED in part as follows:

1. The Report is ADOPTED to the extent that it recommends that plaintiff's motion for preliminary injunction (Doc. 63) be denied and said motion is hereby DENIED.

2. Pursuant to the order dated January 18, 2012 (Doc. 81), granting Defendant Shiptoski's motion for extension of time to file dispositive motions until February 13, 2012, the recommendation that this case be scheduled for trial is REJECTED.

3. The above-captioned case is REMANDED to Magistrate Judge Smyser for further proceedings, including review of any dispositive motions filed on or before February 13, 2012.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge