IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FLORENCE CAESAR,** | : | CIVIL ACTION NO. 1:10-CV-0202 |
| Plaintiff, | : | |
| | : | **(Chief Judge Conner)** |
| v. | : | |
| | : | |
| **PENNSYLVANIA DEPARTMENT OF** | : | |
| **CORRECTIONS,** *et al.*, | : | |
| Defendants. | : | |

# ORDER

AND NOW, this 12th day of September, 2013, upon consideration of the report of United States Magistrate Judge Susan E. Schwab (Doc. 136), recommending that the court grant defendant Shiptoski's pending motion for summary judgment (Doc. 98), and following an independent review of the record and noting that plaintiff has objected[1] to the disposition recommended by Judge Schwab (Docs. 142-45), and the court finding Judge Schwab's analysis to be thorough, well-reasoned, and fully supported by the

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

record, and the court finding plaintiff's objections to be without merit,[2] it is hereby

ORDERED that:

1. Plaintiff's motion for extension of time to file objections (Doc. 141) and motion for reconsideration of the court's denial of plaintiff's motion for appointment of counsel (Doc. 145) are DENIED.

2. The report of Magistrate Judge Schwab (Doc. 136) recommending the grant of defendant Shiptoski's motion for summary judgment is ADOPTED in its entirety.

3. The motion for summary judgment of defendant Shiptoski filed March 27, 2012, is GRANTED.

---

[2] Plaintiff has not formally objected to the substance of Judge Schwab's report and recommendation despite multiple extensions of time in which to do so. Plaintiff has however filed several documents, docketed as motions, purporting to challenge the court's rulings on her motion for appointment of counsel and motions for extensions of time in which to respond to the summary judgment motion and/or the report and recommendation. (See Doc. 141 (seeking additional extension of time to respond to report and recommendation); Doc. 145 (seeking reconsideration of the court's ruling on plaintiff's motion for appointment of counsel). The court reminds plaintiff that she is not legally entitled to the appointment of counsel as this is a civil proceeding, see Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) ("Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel."), and that our efforts to secure *pro bono* counsel on her behalf have been unsuccessful. There being no indication before the court that circumstances have changed in such a manner as to warrant reconsideration of our prior decision, the court will deny the renewed motion for appointment of counsel. The court will also deny plaintiff's request for a six-month to one-year extension of time to respond to Judge Schwab's report and recommendation. The court observes that defendant's motion for summary judgment has now been pending for more than seventeen months and finds no merit in plaintiff's assertion that she was without access to her legal materials for the duration of that time. The record, and many of plaintiff's own allegations, belie that assertion. While the court is not unsympathetic to the difficulties of litigating a federal case *pro se*, especially in cases where the *pro se* litigant is incarcerated, the court has arrived at the juncture where it must bring this longstanding matter to a close and, therefore, the court will deny plaintiff's requests for additional time to respond to the report and recommendation.

4. The Clerk of Court is directed to enter JUDGMENT in favor of defendants and against plaintiff on all claims.

5. The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
CHRISTOPHER C. CONNER
Chief Judge, Middle District of Pennsylvania